IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

MARTIN MANZO NEGRETE,

Defendant.

Case No. 6:24-cr-00084-MC

OPINION AND ORDER

MCSHANE, Judge:

Following his conviction for conspiracy to possess with intent to distribute methamphetamine, Defendant Martin Manzo Negrete moves to vacate or set aside his conviction under 28 U.S.C. § 2255. Def.'s Mot., ECF No. 200. Because he has not shown that his constitutional rights have been violated, Mr. Negrete's § 2255 Motion, ECF No. 200, is DENIED.

## BACKGROUND

On March 4, 2025, Mr. Negrete pled guilty to conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 21 U.S.C. § 846. Plea Agreement, ECF No. 190. This Court imposed a sentence of 180 months in federal prison, followed by five years of supervised release. Am. J. 1–3, ECF No. 199.

Attorney Marc P. Friedman ("Attorney Friedman") represented Mr. Negrete at the time he pled guilty. Plea Agreement 1, 7. Prior to Mr. Negrete's guilty plea, he was represented by several attorneys. Importantly, Clayton Lance served as Mr. Negrete's counsel of record from June 2022 until August 13, 2024. Def.'s Mot. to Substitute Att'y 2, ECF No. 83; Def.'s Mot. 3. Mr. Negrete

also alleges that attorney Larry Roloff ("Attorney Roloff"), who represented Mr. Negrete's co-defendant, met with Mr. Negrete several times to discuss his case. Def.'s Mot. 4–6. According to Mr. Negrete, the visits and conversations with Attorney Roloff tainted his plea agreement. *Id.*

## LEGAL STANDARD

A prisoner serving a federal sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). An evidentiary hearing is required, "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id.* § 2255(b). When there has been a "denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.*

## DISCUSSION

Mr. Negrete moves to set aside his sentence on three grounds: (1) ineffective assistance of counsel, (2) conflict of interest, and (3) his guilty plea was not knowing, voluntary, and intelligent. Def.'s Mot. 2. All three theories are unavailing.

### I. Ineffective Assistance of Counsel

Mr. Negrete first alleges that he "received constitutionally deficient advice" from Attorney Roloff that "materially distorted" his understanding of the plea process and the consequences of his sentence. Def.'s Mot. 4. To challenge the validity of a guilty plea on the ground of ineffective assistance of counsel, a defendant must satisfy the *Strickland* two-prong test by showing, (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Hill v. Lockhart*, 474 U.S. 52, 57 (1985) (citing *Strickland v.*

*Washington*, 466 U.S. 668, 687 (1984)). A defendant may only bring an ineffective assistance of counsel claim based on the conduct of an attorney who was representing the defendant or appearing on the defendant's behalf. *United States v. Martini*, 31 F.3d 781, 782 (9th Cir. 1994). "If a criminal defendant in fact receives effective assistance of counsel from the lawyer he has retained to meet the prosecution's case, he cannot later claim that he received ineffective assistance of counsel from another lawyer." *Id.*

Mr. Negrete's ineffective assistance claim based on Attorney Roloff's conduct fails because Attorney Roloff was not his attorney. Mr. Negrete alleges that Attorney Roloff "repeatedly visited" him and "provided advice" concerning his "case, sentencing exposure, and plea decisions." Def.'s Mot. 4. And as Mr. Negrete sees it, Attorney Roloff's advice "fundamentally distorted" his understanding of the plea process and led him to believe that his plea would be based on "external factors," instead of "evidence, the law, and legitimate plea negotiations." *Id.* at 4–5. He also claims he would not have accepted his plea deal without Attorney Roloff's influence. Def.'s Mot. 7. However, Attorney Roloff was not Mr. Negrete's attorney of record during his criminal case. Nor is there any indication Attorney Roloff ever appeared on Mr. Negrete's behalf. *See* Def.'s Decl. ¶ 5, ECF No. 201; *Martini*, 31 F.3d at 782. In fact, it was Attorney Friedman who represented Mr. Negrete at the time he pled guilty. Plea Agreement 1, 7. For his part, Mr. Negrete has not alleged Attorney Friedman's assistance was ineffective during plea negotiations or when signing his plea agreement. Accordingly, because it is based on the conduct of an attorney who did not represent him, Mr. Negrete's ineffective assistance of counsel theory must fail.

## II. <u>Conflict of Interest</u>

Mr. Negrete next argues that he received ineffective legal counsel because Attorney Roloff provided him with legal advice while representing his co-defendant, Gustavo Manzo-Mares.

Def.'s Mot. 6. According to Mr. Negrete, this arrangement reflects a conflict of interest that violated his Sixth Amendment rights and is grounds to reduce or vacate his sentence. Def.'s Mot. 6. This claim likewise fails because Attorney Roloff was not Mr. Negrete's attorney.

To establish a conflict of interest, Mr. Negrete must demonstrate that an "actual conflict" existed involving his legal counsel, and that the conflict adversely affected his lawyer's performance. *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980); *Mickens v. Taylor*, 535 U.S. 162, 171 (2002). An actual conflict occurs where an attorney steers away from a defendant's defense to protect a different codefendant. *See Glasser v. United States*, 315 U.S. 60 (1942) (finding that an attorney's failure to cross-examine witnesses at trial in order to diminish guilt of a codefendant constituted an actual conflict); *Dukes v. Warden*, 406 U.S. 250 (1972) (finding no actual conflict where defendant failed to show an actual lapse in his attorney's representation while separately, but simultaneously, representing his codefendant).

As noted, Attorney Roloff was not Mr. Negrete's attorney and therefore could not have any conflict of interest with respect to Mr. Negrete's case. Mr. Negrete does not allege that Attorney Roloff prevented him from communicating with Attorney Friedman, his attorney of record at the time of his plea, or otherwise impaired Attorney Friedman's representation in any way. Gov't's Resp. 14, ECF No. 24. Indeed, Mr. Negrete does not allege that his attorney, Attorney Friedman, had any actual conflict.

Because Mr. Negrete does not present an actual conflict that violated his Sixth Amendment rights, his second claim is not grounds to vacate or set aside his sentence under § 2255.

## III. Acceptance of Guilty Plea

Finally, Mr. Negrete claims he unknowingly, involuntarily, and unintelligently entered his plea on March 3, 2025. Def.'s Mot. 6–7. Specifically, he alleges that Attorney Roloff materially

influenced his decision by offering inaccurate and improper advice. Def.'s Mot. 6–7.

Due process requires that a guilty plea be both knowing and voluntary because it is a waiver of multiple important constitutional rights. *See Boykin v. Alabama*, 395 U.S. 238, 243 (1969). A defendant knowingly and voluntarily enters a plea when they have notice of the nature of the charges against them, understand the constitutional rights waived by the plea, and understand the consequences of their plea. *Tanner v. McDaniel*, 493 F.3d 1135, 1147 (9th Cir. 2007). The longstanding test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). This requires consideration of all relevant circumstances surrounding the plea. *See Brady v. United States*, 397 U.S. 742, 749 (1970). All relevant circumstances include "both the defendant's 'subjective state of mind' and the 'constitutional acceptability of the external forces inducing the guilty plea.'" *Doe v. Woodford*, 508 F.3d 563, 570 (9th Cir. 2007) (citing *Iaea v. Sunn*, 800 F.2d 861, 866 (9th Cir. 1986)). A defendant bears the burden of establishing that his guilty plea was not knowing and voluntary. *See Parke v. Raley*, 506 U.S. 20, 31–34 (1992).

Here, Mr. Negrete alleges that his decision to plead guilty was influenced by Attorney Roloff's promises and representations about his potential sentence and plea deal. Mr. Negrete explains that he failed to mention these promises during his plea colloquy because he subjectively believed that there was a "highly confidential, backroom scheme" being orchestrated by his legal team on his behalf. Def.'s Reply 5, ECF No. 208. Mr. Negrete cites *Iaea v. Sunn* for the proposition that voluntariness of a plea depends entirely on the defendant's subjective state of mind. 800 F.2d 861 (9th Cir. 1986). However, Mr. Negrete misrepresents *Iaea*, and as stated above, this analysis incorporates more than Mr. Negrete's subjective belief. *See Iaea*, 800 F.2d at 866; *see also Doe*,

508 F.3d at 570; *Brady*, 397 U.S. at 749. In any case, an expectation of unlawful circumvention of the justice system cannot be the basis for vacating a guilty plea, regardless of what Mr. Negrete believed. *Sanchez v. United States*, 50 F.3d 1448, 1454 (9th Cir. 1995). Mr. Negrete ties his claim here to what he himself describes as a "scheme" and an "underhanded transaction" that he could not have "expose[d]. . . in open court" at the time of his plea. Def.'s Reply 5. Mr. Negrete's claim based on Mr. Roloff's alleged influence therefore must fail.

Even more, the record shows all the elements of a knowing and voluntary plea are in fact present in this case. *See Boykin*, 395 U.S. at 243–44. The written plea agreement advised Mr. Negrete of the 10-year mandatory minimum sentence, the parties' joint 180-month recommendation, and that no outside promises were effective unless written or confirmed on the record. Plea Agreement 1, 3–6. In signing the agreement, Mr. Negrete expressly confirmed that he reviewed the agreement with his attorney of record, Attorney Friedman, understood it, and voluntarily agreed to it. *Id.* at 6. Importantly, at Mr. Negrete's plea hearing, the Court informed him that this plea agreement was independent from Mr. Negrete's previous issues with his prior attorneys. Tr. 15, ECF No. 205. Mr. Negrete has not pointed to any evidence in the record that disputes that he was given notice of his charges, that he understood the constitutional rights waived by his plea, and that he understood the consequences of his plea as reflected by the plea agreement. *See United States v. Ruiz*, 536 U.S. 622, 630 (2002) (citing *Brady*, 397 U.S. at 757) (holding a guilty plea may be upheld as knowing and voluntary "despite various forms of misapprehension under which a defendant might labor"). Further, Mr. Negrete makes no claim that Attorney Friedman was inaccurate or misleading when advising him on the plea agreement. *See Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978) ("Defendants advised by competent counsel and protected by other procedural safeguards are presumptively capable of intelligent choice in

response to prosecutorial persuasion[.]”).

Lastly, Mr. Negrete ultimately alleges that his decision to plead guilty was influenced by Attorney Roloff's representations. Def.'s Mot. 7. As stated previously, for a defendant to challenge an attorney's advice as ineffective assistance, the attorney must have been retained by the defendant to meet the prosecution's case. *See Martini*, 31 F.3d at 782. Mr. Negrete never retained Attorney Roloff as his counsel and thus may not claim that Attorney Roloff's alleged “scheme” to benefit him caused him to plead guilty by way of ineffective assistance of counsel.

Because the record shows Mr. Negrete entered his plea deal knowingly, voluntarily, and intelligently, his third claim is not grounds to vacate or reduce his sentence under § 2255.

## CONCLUSION

Because Mr. Negrete has not made a substantial showing of the denial of a constitutional right, Mr. Negrete's Motion to vacate or set aside his sentence under 28 U.S.C. § 2255, ECF No. 200, is DENIED.

DATED this 25th day of September 2026.

IT IS SO ORDERED.

s/Michael J. McShane
Michael J. McShane
United States District Judge